IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DONALD PAUL TUCKER,<br><br>                    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No.  2:04CV982 DAK |

      This matter is before the court on Donald Paul Tucker's ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  Petitioner pled guilty to Possession of Methamphetamine with the intent to distribute.  On October 22, 2003, the court sentenced Petitioner to 92 months in prison and 48 months of supervised release.  Petitioner challenges his sentence arguing that the court failed to consider a downward departure based on Petitioner's minimal/minor participant role.

## DISCUSSION

      A "prisoner in custody" may collaterally attack his sentence under § 2255 if the "sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  A party filing a § 2255 motion must do so within one year of:

      (1)      the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Petitioner brings this motion within one year of the final date of his conviction, arguing that his sentence was imposed in violation of the law because the court failed to consider a downward departure for minimal/minor participant role.

Petitioner pled guilty to Possession of Methamphetamine with Intent to Distribute. Petitioner's counsel filed a motion seeking a downward departure for Petitioner's minor role. The court carefully considered and rejected the motion for a downward departure. Because Petitioner's sentence was not imposed in violation of the law, Petitioner's request for reduction of sentence under § 2255 is denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 11th day of May, 2005.

BY THE COURT:

DALE A. KIMBALL
United States District Judge